UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLAYTON ERNEST LONGACRE, | CASE NO. C18-5185 BHS |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND REMANDING |
| v. | |
| BRANDON L. MEYERS, et al., | |
| Defendants. | |

This matter comes before the Court on Kitsap County, Kitsap County Sheriff's

Department, Kitsap County Prosecutor's Office, Steve Boyer, Russ Hauge, Deputy

Brandon L. Meyers, Deputy Kurtis Lont, Deputy Jason Hedstrom, Deputy Sonya K.

Matthews, Deputy Miller, Deputy Prosecutor Emily Jarchow Goodell, Barbara O.

Dennis, and Deputy Prosecutor Kelly M. Montgomery ("Kitsap County Defendants")

motion to dismiss (Dkt. 7). The Court has considered the pleadings filed in support of

and in opposition to the motion and the remainder of the file and hereby grants in part

and denies in part the motion for the reasons stated herein.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

On March 5, 2018, Plaintiff Clayton Longacre ("Longacre") filed a complaint in

Pierce County Superior Court for the State of Washington asserting numerous causes of

action against numerous defendants. Dkt. 1-1. Longacre's claims arise out of a dispute

1  with a mechanic, Defendant Jacob Syring ("Syring"), that Longacre hired to work on

2  three watercraft.  *Id*. ¶ 3.02.  When Longacre appeared at Syring's house to take

3  possession of the watercraft, a dispute arose regarding payment and Syring's

4  performance.  *Id*. ¶¶ 3.11–3.13.  The dispute escalated to a physical altercation with both

5  parties contacting the police.  *Id*. ¶¶ 3.14–3.17.  On the evening of December 12, 2014,

6  deputies with the Kitsap County Sheriff's office arrested Longacre and filed charges for

7  assault and harassment.  *Id*. ¶ 3.25.

8        On Monday December 15, 2014, Longacre posted bail and was released.  *Id*. ¶ at

9  9, ¶ 3.18.  That afternoon, Syring contacted the police alleging that Longacre had made a

10  threatening call to Syring and sent threatening texts.  *Id*. at 10 ¶ 3.20 (second ¶ 3.20 on

11  the page).  Later that evening, Kitsap deputies arrested Longacre on charges of

12  intimidating a witness and harassment.  *Id*. at 10–11, ¶¶ 3.22–3.25.  Longacre alleges that

13  the prosecutor refused to prosecute the initial charges and eventually dismissed the

14  second set of charges without prejudice.

15        On March 9, 2018, the Kitsap County Defendants removed the matter to this Court

16  under 28 U.S.C. §§ 1441(a), (c).  Dkt. 1.

17        On March 20, 2018, Kitsap County Defendants filed a motion to dismiss.  Dkt. 7.

18  On April 23, 2018, Longacre responded.  Dkt. 23.  On May 4, 2018, Kitsap County

19  Defendants replied.  Dkt. 31.

20

21

22

## II.  DISCUSSION

**A.     Dismissal**

In this case, the Kitsap County Defendants argue that the Court should dismiss Longacre's § 1983 claims because they are barred by the statute of limitations.  The parties do not dispute that (1) Longacre was arrested and jailed in December 2014, (2) the charges were dismissed against Longacre on February 4, 2015, (3) Longacre served his complaint on certain Defendants on February 10, 2018, and (4) the statute of limitations for § 1983 claims is three years.  Thus, it appears from the face of the complaint that Longacre's claims are barred because he commenced this action more than three years after the actions giving rise to his claims.  Longacre, however, argues that the Court should apply the continuing violation rule and the discovery rule to toll the statute of limitations.  Neither of Longacre's arguments have merit.

First, under federal law, a principle known as the "discovery rule" dictates that a cause of action accrues on the date "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lukovsky v. City and Cty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008).  As the Supreme Court has noted, "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." *Rotella v. Wood*, 528 U.S. 549, 555 (2000).

Under this standard, Longacre knew or had reason to know of his injuries in December 2014.  Longacre's illegal search and seizure claims, false arrest claims, and false imprisonment claims are all based on injuries that occurred in December 2014 when he was arrested.  Similarly, his claims for failure to allow access to the phone and library

1  while in custody occurred while he was in jail in December 2014.  Longacre's failure to

2  train officers also stems from his arrests in December 2014.  Regarding Longacre's

3  claims for failure to train prosecutors, these claims arose when the prosecutors filed the

4  charges against Longacre.  He even filed a motion to dismiss the charges for lack of

5  probable cause, which establishes that he knew or had reason to know of his injuries well

6  before he "discovered" that the charges had been dismissed.  The Monell liability claim

7  stems from the same conduct and was likewise discoverable in December 2014.

8  Therefore, the Court finds that, based on the allegations in the complaint, Longacre knew

9  or had reason to know of his injuries well before the applicable date of February 10,

10 2015.

11        Second, Longacre fails to provide any authority for the proposition that the

12 continuing violation rule applies to these § 1983 claims.  Longacre cites one authority to

13 support the doctrine, Dkt. 23 at 17, but fails to cite any authority for the proposition that

14 the doctrine applies in any context other than employment discrimination. Moreover,

15 Longacre's argument is suspect.  He claims that the violation continues until the statute

16 of limitations runs on the charges that were dismissed without prejudice.  Dkt. 23 at 18.

17 The doctrine isn't based on the threat of an adverse action, it is based on actual

18 discriminatory actions that continue into the limitations period.  Therefore, the Court

19 finds that the continuing violation doctrine does not apply to § 1983 claims, and even if

20 there was a reasonable basis to consider the doctrine in this case, Longacre's position is

21 without merit because it relies on the threat of an injury instead of an actual injury.

22

1    In sum, Longacre's § 1983 claims are barred by the statute of limitations based on

2    the face of the complaint. Longacre fails to establish any reason that the limitations

3    period should be tolled or otherwise not apply to bar his claims. Therefore, the Court

4    grants the Kitsap County Defendants' motion to dismiss these claims with prejudice.

5    **B.    Remand**

6          "If at any time before final judgment it appears that the district court lacks subject

7    matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). After dismissal of

8    the § 1983 claims, the Court lacks subject matter jurisdiction over the remaining state law

9    claims between non-diverse parties, and the case must be remanded.

10                                    **III.  ORDER**

11         Therefore, it is hereby **ORDERED** that the Kitsap County Defendants' motion to

12   dismiss (Dkt. 7) is **GRANTED in part** and **DENIED in part**. Longacre's § 1983 claims

13   are time-barred and **DISMISSED with prejudice**. The Clerk shall enter a partial

14   judgment, remand this matter to Pierce County Superior Court, remove the pending

15   motions from the Court's calendar, and close the case.

16         Dated this 21st day of May, 2018.

17

18                                    _____
                                      BENJAMIN H. SETTLE
19                                    United States District Judge

20

21

22